**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Anthony Clark, | |
|            Plaintiff, | Civil Action No.: 1:14-cv-10006 |
| v. | |
| Living Scriptures, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
|            Defendants. | |

For this Complaint, the Plaintiff, Anthony Clark, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Anthony Clark ("Plaintiff"), is an adult individual residing in Brookline, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant Living Scriptures, Inc. ("Living"), is a Utah business entity with an address of 3625 Harrison Boulevard, Ogden, Utah 84403, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Does 1-10 (the "Agents") are individual agents employed by Living and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Living at all times acted by and through one or more of the Agents.

## **FACTS**

7. Within the last four years, Living contacted Plaintiff in an attempt to solicit its services to Plaintiff.

8. At all times referenced herein, Living placed calls to Plaintiff's residential telephone, number 617-xxx-2973, using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered calls from Living, he would hear a few seconds of silence, followed by being connected to a live representative.

10. Upon information and belief, Plaintiff has never provided his phone number to Living, and has never provided prior express written permission to Living to place automated calls to him.

11. During the initial conversation that took place during December, 2012, after being connected to a live representative Plaintiff stated that he was not interested in any services Living offered, and requested that Living cease placing calls to him.

12. Despite Plaintiff's request, Living continued to call Plaintiff's residential telephone at a rate of up to three calls on a weekly basis.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his residential telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." Id.

16. Defendant's telephone systems have earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

17. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

3

18. Plaintiff never provided his telephone number to Defendants and never provided his consent to be contacted on his residential telephone, and in fact instructed Defendants to stop all calls to him.

19. Regardless, Defendants continued to place automated calls to Plaintiff's cellular telephone after knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

22. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

26. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

27. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with unsolicited automated calls to his residential phone.

28. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

29. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

30. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

31. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

3. Punitive damages; and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 2, 2014

        Respectfully submitted,

        By   */s/ Sergei Lemberg*

        Sergei Lemberg (BBO# 650671)
        LEMBERG LAW, L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff